UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>JAMES E. MCDUFFIE,<br><br>Debtor. | Chapter 13<br>Case No. 15-41226-EDK |

## MOTION OF U.S. BANK TRUST FOR RELIEF FROM
## THE AUTOMATIC STAY

NOW COMES U.S. Bank Trust National Association, as Trustee of Dwelling

Series IV Trust, as serviced by SN Servicing Corporation ("**U.S. Bank Trust**") and

respectfully requests, pursuant to Sections 362(d) of the Bankruptcy Code, that this

Court enter an Order granting U.S. Bank Trust relief from the automatic stay for the

purpose of enforcing its rights under a certain Note and Mortgage encumbering real

estate in which the above-captioned debtor asserts an interest.  In support of this

motion, U.S. Bank Trust states as follows.

### STATEMENT OF MATERIAL FACTS

1.      James E. McDuffie (the "**Debtor**") is an individual asserting an ownership

interest in the real property known as and numbered 113 Pleasant Street, Leominster,

Massachusetts (the "**Property**").  On information and belief, the Property does serve as

the Debtor's principal residence.

2.      The moving party, U.S. Bank Trust, has a principal place of business

located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3.      On July 19, 2004, Julie M. McDuffie executed and delivered to Option One Mortgage Corporation (the "**Lender**") a promissory note in the original amount of $244,800.00 (the "**Note**").  The Note was subsequently endorsed in blank and transferred to U.S. Bank Trust.  At the time of the filing of this motion, U.S. Bank Trust, directly or through an agent, has possession of the Note.

4.      Simultaneously therewith, as security for the obligations under the Note, the Debtor and Julie M. McDuffie executed and delivered to the Lender, a mortgage (the "**Mortgage**") on the Property.  The Lender recorded the Mortgage with the Worcester County Registry of Deeds (the "**Registry**").  True copies of said Note and Mortgage are attached herewith as Exhibit A and Exhibit B, respectively.

5.      On September 16, 2011, Julie M. McDuffie transferred her ownership interest in the Property to the Debtor by quitclaim deed.  A copy of the deed is attached hereto as Exhibit C.

6.      On July 1, 2011, Julie M. McDuffie and the Debtor signed a mortgage loan assumption and release agreement.  In which Julie M. McDuffie was released from her obligation to repay the loan and the Debtor assumed full responsibility of the obligations under the Note and Mortgage.  A copy of the mortgage loan assumption and release agreement is attached hereto as Exhibit D.

7.      On information and belief, Julie M. McDuffie no longer has an ownership interest in the Property and no longer has any obligations under the Note and Mortgage.  Therefore, section 1301 of the Bankruptcy Code does not apply in this case.

8.      The Note and Mortgage have a maturity date of August 1, 2019.

9.      On or about August 20, 2015, the Debtor entered into a loan modification with the prior mortgagee (the "**Modification**").  A copy of the Modification is attached herewith as Exhibit E.

10.     The Modification does not extend the maturity date of the loan and includes a balloon disclosure stating that a single balloon payment will be due and payable in full on August 1, 2019.

11.     On December 22, 2015, the Court issued an order approving the Modification.

12.     The Mortgage was subsequently transferred to U.S. Bank Trust by Assignment of Mortgage.  Copies of the assignments of mortgage are attached hereto as Exhibit F.

## GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY

### MLBR 4001-1 Requirements

13.     U.S. Bank Trust seeks relief for cause pursuant to 11 U.S.C. §362(d)(1) – specifically, the Debtor's failure to make pre-petition and post-petition payments due under the Note and Mortgage.  In the alternative, U.S. Bank Trust seeks relief pursuant to 11 U.S.C. §362(d)(2) on the grounds that there is no equity in the Property and that the Property is not necessary for an effective reorganization.

14.     The Debtor currently owes U.S. Bank Trust approximately $392,860.07 plus $1,238.00 for costs and fees associated with this motion.  The debt is secured by U.S. Bank Trust's first mortgage on the Property.

15.     The following is a summary of the identity and estimation of the amounts due all lienholders, in order of the lienholders' respective priorities:

| U.S. Bank Trust | First Mortgage | $392,860.07 |
|---|---|---|
| Hanscom Federal Credit Union | Second Mortgage | $22,168.00 |
| | | |
| | TOTAL | $415,028.07 |

16.     Therefore, the estimated total secured debt charged against the Property is at least $415,028.07

17.     Pursuant to the Debtor's Schedule A, which U.S. Bank Trust accepts only for the purposes of this Motion, the fair market value of the Property is approximately $241,108.00.

18.     The liquidation value of the Property is $225,042.56 which is based upon the fair market value of the Property less a reasonable realtor's fee (6 percent or $14,466.48), deed stamps ($4.56 per thousand or $1,098.96) and closing costs ($500.00).

19.     Given that the liens against the Property are more than the fair market value of the Property, there is no equity in the Property.

20.     No other collateral secures the Debtor's obligations under the Note.

21.     On November 1, 2005, the Debtor recorded a Declaration of Homestead against the Property with the Registry at Book 5918 Page 249.

**History**

22.     On June 25, 2015, the Debtor filed a Chapter 13 petition, commencing the above-captioned case (the "**Petition Date**").

23.     On November 17, 2017, the Court issued an amended order confirming the Debtor's post-confirmation second amended plan (the "**Plan**").  The Plan removes the payment of pre-petition arrears to U.S. Bank Trust due to the court approved Modification.  The Plan does, however, provide for post-petition payments to be made in accordance with the Note and Mortgage.

24.     The loan matured on August 1, 2019.

25.     The date the last payment on the loan was received is June 6, 2017.

26.     As of the date of the filing of this motion, the Debtor owes U.S. Bank Trust approximately $394,098.07 in total post-petition arrears, comprised of the following:

  a.  $392,560.07, the balance of the loan; and

  b.  approximately $1,238.00 that U.S. Bank Trust has incurred in legal fees in filing and prosecuting this motion.

27.     On November 30, 2015, the prior mortgagee filed its proof of claim which listed a total debt claim of $406,224.18 due to the maturity date coming due prior to the anticipated end of the case.  Claim No. 12-1.

28.     On October 18, 2016, the prior mortgagee filed an amended proof of claim due to the Court approved Modification.  That amended proof of claim lists arrears as $0.00.  Claim No. 12-2.

29.     As of the Petition Date, the automatic stay provisions of 11 U.S.C. §362 became effective, thereby preventing U.S. Bank Trust from exercising its rights as a mortgagee of the Property as is set forth under certain applicable state and federal laws including, without limitation, its right to commence foreclosure proceedings.  By the

motion brought herein, U.S. Bank Trust seeks relief from the automatic stay pursuant to

11 U.S.C. §362.

### Good Cause Exists to Grant Relief Under 11 U.S.C. §362(d)(1)

30.     Pursuant to the terms of the Note and Mortgage securing the

indebtedness to U.S. Bank Trust, the Debtor must make timely mortgage payments to

U.S. Bank Trust or its agent as well as the balloon payment that came due on August 1,

2019.  The Debtor owes an amount pursuant to the Note and Mortgage of

approximately $392,860.07 plus $1,238.00 for fees and costs associated with this motion.

The Debtor's failure to make payments to U.S. Bank Trust constitutes a material default

under the terms of the Note and Mortgage.

31.     The Debtor's Chapter 13 Plan provides for the maintenance of ongoing post-

petition payments due to U.S. Bank Trust pursuant to 11 U.S.C. § 1322(b)(5).

32.     The Debtor has failed to maintain the mortgage payments due under the

Note and Mortgage.

33.     Movant lacks adequate protection of its interest in the Property due to the

lack of equity and Debtor's failure to maintain post-petition payments.

34.     Therefore, cause exists to grant U.S. Bank Trust relief from the automatic

stay.

### Relief Should be Granted Pursuant to 11 U.S.C. § 362(d)(2)
### Because the Property Lacks Equity and is Not Necessary to an Effective Reorganization

35.     Pursuant to 11 U.S.C. § 362(d)(2), this Court should grant U.S. Bank Trust

relief from the automatic stay.  With respect to a stay of an act against the Property, relief

6

shall be granted "upon request of a party in interest and after notice and a hearing" if "the debtor does not have equity in such property" and "such property is not necessary to an effective reorganization".  11 U.S.C. § 362(d)(2)(A) and (B).  In this case, the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization as contemplated by 11 U.S.C. §362(d)(2)(B).  Therefore, cause exists to grant U.S. Bank Trust relief from the automatic stay.

36.     In light of the foregoing, there exists sufficient cause to grant U.S. Bank Trust (or its successors in interest) relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1)-(2) with respect to the Property.

WHEREFORE, U.S. Bank Trust respectfully requests that the Court grant U.S. Bank Trust (or its successors in interest) relief from the automatic stay so that U.S. Bank Trust may enforce its right under the Note, Mortgage and applicable law including, but not limited to, foreclosure of U.S. Bank Trust's Mortgage on the Property and summary process proceedings or, in the alternative, grant U.S. Bank Trust other relief as this Court deems just under the circumstances.

*Signature Page to Follow*

7

Respectfully submitted,

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF
DWELLING SERIES IV TRUST, AS
SERVICED BY SN SERVICING
CORPORATION,

By its attorneys,

DEMERLE HOEGER LLP,

/s/Michael E. Swain, Esq.
Richard C. Demerle, Esq. (BBO#652242)
Michael E. Swain, Esq. (BBO#676513)
10 City Square
Boston, MA 02129
(617) 337-4444
MSwain@DHNewEngland.com

DATE:   January 8, 2021